UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN RAPPA, | 2:16-CV-02984-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| MUTUAL OF OMAHA INSURANCE COMPANY AND GATEHOUSE MEDIA, INC. WELFARE BENEFIT PLAN, | |
| Defendants. | |

Soon after a car accident left plaintiff Karen Rappa unable to work, she sought long-term disability benefits under her employer's health plan. The processing of plaintiff's claim was delayed and ultimately her claim was denied. Plaintiff now brings two claims against the plan administrator, defendant Mutual of Omaha Insurance Company (Omaha), under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). First, she claims defendant wrongfully denied her benefits. Second, she claims defendant breached its fiduciary duty by giving her erroneous claim-filing advice. Defendant moves to dismiss the second claim as duplicative and legally implausible. For reasons explained below, the court DENIES defendant's motion.

1

1  I.   BACKGROUND

2           For purposes of this motion, the court assumes the following allegations are true.
3  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In late 2012, a car accident
4  disabled plaintiff.  Compl. ¶¶ 2-3, ECF No. 1.  At the time, she worked for Gatehouse Media, Inc.
5  (Gatehouse)[1] and was a beneficiary of defendant Omaha's supplemental long-term disability
6  insurance program.  *Id.* at 2.

7           In January 2013, shortly after her car accident, plaintiff felt too debilitated to work,
8  so she inquired about filing a disability claim under defendant Omaha's policy.  *Id.* ¶ 4.  An
9  Omaha representative advised her to first exhaust Gatehouse's workers' compensation process.
10 *Id.*  Heeding this advice, plaintiff waited for nearly three years before filing her disability claim.
11 *Id.* ¶ 5.  Defendant ultimately denied her benefits claim and subsequent appeals.  *Id.* ¶¶ 5, 7.

12          Because ERISA governs defendant's disability insurance policy, plaintiff filed two
13 ERISA claims against defendant in this court after she received her final adverse benefits
14 determination.  *Id.* at 1-2.  Under ERISA, she claims (1) defendant wrongfully denied her
15 disability benefits and (2) defendant breached its fiduciary duties.  *See id.* ¶¶ 15-18 (citing 29
16 U.S.C. § 1132(a)(1)(B) and (a)(3)).  Plaintiff's second claim, which alleges defendant erroneously
17 advised plaintiff to delay her disability benefits application for years, seeks an equitable remedy
18 in the form of a "surcharge."  *Id.* ¶ 18.  As noted, defendant moves to dismiss the second claim.
19 Mot., ECF No. 15.  Plaintiff opposes.  Opp'n, ECF No. 21.

20 II.  LEGAL STANDARD

21          A party may move to dismiss for "failure to state a claim upon which relief can be
22 granted."  Fed. R. Civ. P. 12(b)(6).  The court may grant the motion only if the complaint lacks a
23 "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.
24 *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).

25          A complaint must contain a "short and plain statement of the claim showing that
26 the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), though it need not include "detailed

---

[1] Co-defendant Gatehouse was dismissed on February 13, 2017.  ECF No. 10.

2

factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). In a Rule 12(b)(6) analysis, the court must accept factual allegations as true and construe the complaint in plaintiff's favor. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

III. ANALYSIS

The parties dispute whether plaintiff may proceed on her two ERISA claims concurrently, in the same complaint. Plaintiff's ERISA benefits claim allows plaintiff to seek recovery of wrongfully denied benefits. 29 U.S.C. § 1132(a)(1)(B). Her ERISA fiduciary breach claim relies on a broader ERISA "catch-all" provision that acts "as a safety net offering appropriate relief for injuries caused by violations that [ERISA] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (citing 29 U.S.C. §§1132(a)(3)); *see also Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001) ("*Varity Corp.* clearly provides that, where a plan participant has no remedy under another section of ERISA, she can assert a claim for breach of fiduciary duty under [ERISA's catch-all provision]") (citation omitted).

In *CIGNA Corp. v. Amara*, the Supreme Court clarified when a claimant may, in a single complaint, pursue equitable remedies based on ERISA's catch-all provision and damages through an ERISA benefits claim. 563 U.S. 421 (2011). As relevant here, a second ERISA claim under the catch-all provision is proper only if it seeks an "equitable remedy" that is unavailable under a more specific ERISA provision. *See id.* at 441 (permitting both an ERISA benefits claim and claim for contract reformation under ERISA's catch-all provision because contract reformation is not available in benefits action); *see also Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 960-62 (9th Cir. 2016) (interpreting *Amara*), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016).

A. Viability of Plaintiff's Two ERISA Claims

The parties here dispute whether, in light of *Amara*, plaintiff may proceed on both of her ERISA claims, each of which seeks monetary relief, albeit styled as damages and a

surcharge respectively. Plaintiff argues her two ERISA claims may coexist because each pleads different injuries and relief. Opp'n at 7. Defendant contends *Amara* is inapplicable because, unlike plaintiff here, the *Amara* plaintiff sought contract reformation, a remedy unavailable in an ERISA benefits action; thus it made sense to allow the second "catch-all" ERISA claim to pursue that remedy. Reply at 2, ECF No. 23. Here, defendant argues plaintiff's requests for monetary relief do not provide the *Amara* plaintiff's justification for bringing two ERISA claims. *Id*.

At this early pleading phase, the court finds defendant's argument unpersuasive. Though *Amara* involved a contract reformation request, its holding is not limited to that scenario alone. And this case mirrors *Amara* in key respects: In both cases, plaintiffs allege a material lack of disclosure about the plan's terms; in both cases, plaintiffs seek monetary relief under § 1132(a)(1)(B); and, in both cases, plaintiffs seek separate equitable remedies under § 1132(a)(3). *See Amara*, 563 U.S. at 421-23. That plaintiff here frames the equitable relief she seeks as a surcharge, rather than the precise equitable remedy at issue in *Amara,* does not remove her from *Amara*'s broader holding. *Amara* affirms that a surcharge is traditionally equitable. *Amara*, 563 U.S. at 441; *Moyle*, 823 F.3d at 960 (interpreting this portion of *Amara*'s holding). That this remedy may take monetary form does not alter its classification. *Moyle*, 823 F.3d at 960. *Amara* applies here.

Defendant's argument also is premature. Dismissing an ERISA fiduciary breach claim as duplicative at the pleading stage would, in effect, require the plaintiff to elect a legal theory and obviate her entitlement to alternative recovery theories under the federal pleading rules. *See* Fed. R. Civ. P. 8(a)(3). Neither *Varity Corp.* nor *Amara* alters the federal pleading rules. The case law reflects the more appropriate timing for defendant's argument: The cases grappling with ERISA duplication do so at the judgment or remedies phase, not the pleading phase. *See, e.g.*, *Moyle*, 823 F.3d at 960-62; *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997) (holding plaintiffs could not recover under § 1132(a)(3) because they "[had] already won a judgment for damages under section 1132(a)(1) for the injuries they suffered as a result of the defendant's actions"), *aff'd*, 525 U.S. 299 (1999); *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 375 (6th Cir. 2015) (enjoining plaintiff's fiduciary breach claim to avoid double recovery for

the same injury because he already received remedy under benefits provision). It is hornbook law that Rule 12(b)(6) tests the sufficiency of the pleaded claims, not necessarily the availability of relief.

In sum, allowing plaintiff's two ERISA claims to proceed comports with *Amara*, with the liberal federal pleading standards, and with ERISA's purpose to protect the interests of participants and beneficiaries. *See, e.g.*, 29 U.S.C. § 1001 ("the soundness and stability of [employer health plans] . . . to pay promised benefits may be endangered; . . . employees and their beneficiaries have been deprived of anticipated benefits; and [] it is therefore desirable . . . that minimum standards be provided assuring the equitable character of such plans and their financial soundness."); *see also Varity*, 516 U.S. at 513 ("ERISA's basic purposes favor a reading . . . that provides the plaintiffs with a remedy."); *Moyle*, 823 F.3d at 960-62; *Seekatz v. Metro. Life Ins. Co.*, No. 3:15-CV-00017-RRB, 2016 WL 5429647, at *2 (D. Alaska Sept. 26, 2016) (denying motion to dismiss for this reason); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1044-45 (C.D. Cal. 2011) (same). The court denies defendant's request to dismiss plaintiff's second ERISA claim based on its duplicative nature.

B. <u>Plaintiff's Supporting Allegations</u>

Defendant also argues, even if the two claims are not duplicative, plaintiff's fiduciary breach claim nonetheless fails as a matter of law: Defendant's alleged misstatement regarding exhaustion cannot amount to a fiduciary breach, and plaintiff has not pled causation or actual harm resulting from the alleged breach. Both arguments are unpersuasive.

First, the allegation that defendant materially misrepresented the plan's terms is enough to plead a plausible fiduciary breach. *See Guenther v. Lockheed*, 646 F. App'x. 567, 569-70 (9th Cir. 2016) (remanding to assess whether defendant breached fiduciary duty by misrepresenting plan terms); *see Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 n.1 (5th Cir. 2013) (emphasizing mere allegation of material misstatement is enough at pleading phase); *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, 579 F.3d 220, 230 (3d Cir. 2009) (an employer "'acts as a fiduciary when explaining plan benefits . . . to its employees.'" (citation omitted)); *Deschamps v. Bridgestone Americas, Inc. Salaried Employees Ret. Plan*, 840 F.3d 267, 278 (6th

5

Cir. 2016) (applying traditional agency principles to find plan administrator violates fiduciary obligations by materially misstating plan terms); *Stiso v. Int'l Stell* Group, 604 F. App'x 494, 500 (6th Cir. 2015) ("an explanation of plan benefits is subject to ERISA's fiduciary standards and beneficiaries may seek equitable relief if those standards are not met.") (citation omitted).

Second, plaintiff has plausibly alleged actual harm to satisfy the requirement that "a fiduciary can be surcharged under § 502(a)(3) only upon a showing of actual harm[.]" *Amara*, 563 U.S. at 423. Defendant contends that, because the alleged fiduciary breach as pled did not cause plaintiff's ultimate benefits denial, plaintiff has not properly alleged actual harm. But plaintiff alleges that by erroneously telling her not to file a disability benefits claim until she exhausted the workers' compensation process, defendant significantly and injuriously delayed her disability benefits claim filing. FAC ¶ 18 ("As a result of defendant's breach of fiduciary duties, plaintiff has been harmed by unnecessarily delaying in filing her claim"). This is enough to plead the required harm.

"Actual harm" can simply be, as it is here, "the loss of a right protected by ERISA or its trust-law antecedents." *Amara*, 563 U.S. at 423. Though plaintiff's allegations are not as straightforward as they could be, construing the allegations in her favor leads to the conclusion she has sufficiently pled that delay caused her harm. By effectively alleging defendant materially misstated the plan's terms and then delayed plaintiff's ultimate benefits determination for years, plaintiff has plausibly shown she was deprived of two ERISA-protected rights: The right to timely benefits determinations and the right to a proper summation of the disability policy's terms. *See id.* ("It is not difficult to imagine how the failure to provide proper summary information here, in violation of ERISA, injured employees[.]"). These allegations show that plaintiff was left in limbo for years, unemployed and unsure of what, if any, disability benefits she would receive. Again, she has pled enough to plausibly show the fiduciary breached caused her actual harm.

/////

/////

/////

The court DENIES defendant's motion to dismiss plaintiff's second claim. Defendant's answer is due within fourteen calendar days of the filed date of this order.

IT IS SO ORDERED.

This resolves ECF No. 15.

DATED: August 7, 2017.

                                                        UNITED STATES DISTRICT JUDGE